## Case No. 5,432.

### GILL et al. v. STEBBINS.

[2 Paine, 454.] [1]

Circuit Court, S. D. New York.    March, 1832.

#### BAIL—LACHES.

Delay by the plaintiff for a period of five years, to call on the officer for bail, will be such laches on the part of the plaintiff as to exonerate the officer.

Rule on the United States marshal to bring in the body of Sheffield, or show cause, &c. The facts as disclosed by affidavit on the part of the officer, were as follows: In July, 1823, a capias ad respondendum was issued

[1] [Reported by Elijah Paine, Jr., Esq.]

against all the defendants [Russel Stebbins, Joseph Sheffield, and others], and returned cepi corpus as to Sheffield, and non est as to the others. Bail below had been taken for his appearance, but the bond was mislaid or lost. Nothing had been done by the plaintiffs [Theophilus A. Gill and Henry Bennett] until April, 1828, when the above rule was served upon the marshal. For the marshal it was contended, that he had become exonerated by laches on the part of the plaintiffs, in not having proceeded within a reasonable time to fix his liability, and that courts have adopted this as a rule for the protection of the officer. In support of the position, the following cases were cited: Rex v. Sheriff of Surrey, 7 Term R. 452; Rex v. Sheriff of London, 1 Taunt. 111; Rex v. Perring, 3 Bos. & P. 151; People v. Stevens, 9 Johns. 72; Jourden v. Hawkins, 17 Johns. 35.

R. Sedgwick. for plaintiffs.
W. Q. Morton, for marshal.

THOMPSON, Circuit Justice. We think that the lapse of time is sufficient to exonerate the officer. If parties can wait five years, they may twenty. If the bond can be found we may direct its assignment to the plaintiffs. Rule dismissed.

NOTE. A bail-bond is void, unless it is conditioned that the defendant will appear by putting in special bail within twenty days after the return day specified in the writ, and by perfecting such bail, if required, according to the rules and practice of the court. Barnard v. Viele, 21 Wend. 88. It must be strictly conformable to the statute. 2 Rev. St. (2d Ed.) p. 271, § 13. A bail-bond taken on an arrest under a capias, tested out of term, is valid; and the defect cannot be taken advantage of by plea. The remedy is by motion to set aside the process. Parke v. Heath. 15 Wend. 301. Bail to the sheriff are entitled to relief on the usual terms, although the sheriff, after a rule for attachment for not bringing in the body, pays the plaintiff's demand. Seymour v. Curtiss, 1 Wend. 105. On a motion to set aside the proceedings on a bail-bond, affidavits may be read, made in support of the motion, and entitled in the original cause, attached to an order to stay proceedings entitled in the bail-bond suit, with a notice of motion showing the real object of the application. Ex parte Metzler, 5 Cow. 287. Where the bail below became bail above, and the plaintiff excepted, and then took an assignment of the bond, and commenced an action upon it; this proceeding was irregular, and should be set aside with costs. Id. Where a sheriff on being served with an attachment for not bringing in the body of the defendant, pursuant to a rule of the court, procured a person, (on promise of indemnity,) to put in special bail in the original suit, the sheriff could not maintain an action on the bail-bond. Matthison v. Forbus, 19 Johns. 292. In such case, the sheriff on being served with an attachment should pay the debt and costs in the original suit, and then bring his action on the bail-bond or against the defendant for so much money paid. Id. In order to hold to bail in an action for assault and battery, or defamation, some special reason must be shown. Zimmerman v. Chrisman, 7 Hill, 153. Affidavits to hold to bail, and by way of showing cause of action on motion to mitigate or discharge bail, must be positive, and make out a prima facie case. In trover, affidavits showing a contract, and alleging fraud as a cause of avoidance, the circumstances of the contract must be set out, and in what the fraud consisted. Satterlee v. Lynch, 6 Hill, 232. Where trover for wrongful conversion will lie, the defendant may be held to bail; the rule applies to a warehouseman, but plaintiff may waive the tort, and proceed on the bailment. Brown v. Treat, 1 Hill, 225, limited; Suydam v. Smith, 7 Hill, 182. Actions on recognizances of bail or bail-bonds, taken in suits in the court of common pleas, must be brought in the court of the county in which the suit was originally commenced, if the parties to the recognizance or bond reside within the jurisdiction of such court, and not be brought in this court. Burtus v. M'Carty, 13 Johns. 424. Where a bail-bond is taken in a court of common pleas, and the bail reside out of the county, an action may be maintained by the assignee of such bond in the supreme court, who will grant relief to the bail on the same terms as if the bond had been taken in the supreme court. Haswell v. Bates, 9 Johns. 80. So where the bail resided in the county where the suit was brought; and the action on the bond was against both. Gardiner v. Burham, 12 Johns. 459. See Davis v. Gillet, 7 Johns. 318. But the bail are bound to pay the common plea costs only. Id. Bail to the sheriff will be relieved in all cases upon the return of the writ against them. Haswell v. Bates, 9 Johns. 80; Bulkley v. Colton, 1 Johns. 515; Ellis v. Berry, Colem. Cas. 57. After bail has been put in to the action the plaintiff cannot take an assignment of the bail-bond, unless it has been regularly excepted to. Caines v. Hunt, 8 Johns. 277; Colem. Cas. 91. If the sheriff on arresting the defendant, take from him the promissory note of A., endorsed by the defendant, in blank, as security, the assignment or transfer is illegal and void. Strong v. Tompkins, 8 Johns. 98. And in action by the sheriff as endorsee against the maker, the latter may avail himself of the fact to defeat the action. Id. If, after the arrest, and before the defendant has given bail, he is delivered over by the sheriff, by whom he was arrested, to his successor, the assignment will not affect his right to be discharged on giving bail. Richards v. Porter, 7 Johns. 137. The sheriff is not bound to give the plaintiff any other notice of his having taken a bail-bond, than the endorsement on the writ. Id. If the former sheriff do not deliver the writ to the sheriff, but returns it himself cepi corpus in custodia, and the new sheriff lets the defendant to bail, he will not be liable to the plaintiff for not giving him notice. Id. The plaintiff, after proceeding on the bail-bond to give judgment, and charging the principal and bail in execution, cannot waive these proceedings by filing common bail in the original suit, and proceedings to judgment therein; but is concluded by his election to proceed on the bail-bond. Beecker v. Simmons, 7 Johns. 119. In moving to set aside the proceedings in a bail-bond suit, the papers must be entitled in that suit. Executors of Phelps v. Hall, 5 Johns. 367; Pell v. Jadwin, 3 Johns. 448. If the principal die, and the bail afterward be sued, proceedings will be staid on payment of costs, on the return of the writ against them. Bulkley v. Colten, 1 Johns. 515. In an action on a bond conditioned for the payment of money, the bail below will be discharged on payment of the condition of the bond in the original action with interest and costs, together with the costs on bail-bond suit. Treadwell v. McKeel, 2 Johns. Cas. 340. The original suit was settled, and the costs were agreed to be paid by the defendant, which he neglected to do; the plaintiff instituted a suit on the bail-bond in order to obtain his costs; the court refused to set aside the proceedings. Campbell v. Grove, 2 Johns. Cas. 105; Colem. Cas. 113. Where irregular notice of bail was given, but they had not put the bail-bond in suit at the subsequent term, the bail were relieved on payment of costs, and justification if required. Gelston v. Swartwout, 1 Johns. Cas. 136; Colem. Cas. 76. If the plaintiff pro-

ceed in the original suit before the costs in the bail-bond suit are paid, he cannot afterward proceed on the bail-bond to obtain them. Id. And the court will set aside the proceeding in the bail-bond suit, on the payment of the plaintiff's costs up to the time when special bail was entered and notice given. Id. If the court and place of the defendant's appearance be substantially set forth in the bail-bond, it is sufficient. Steevens v. Clancey, 1 Johns. 521. If, from a change of attorneys, a bail-bond taken by a plaintiff deputed to arrest be lost, the court will, after verdict, grant the plaintiff leave to file common bail nunc pro tunc. Napier v. Whipple, 3 Caines, 88. Proceeding in the original suit, is a waiver of the proceedings on the bail-bond. Huguet v. Hullet, 1 Caines, 55. If the plaintiff proceed in the original suit before the costs in the bail-bond suit are paid, he cannot afterward proceed on the bail-bond to obtain them. Id. And the court will set aside the proceedings in the bail-bond suit on the payment of the plaintiff's costs up to the time when special bail was entered and notice given. Id.